IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL OKPOR, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 12-6521 (JBS/AMD) |
| v. | |
| SEDGWICK CMS, et al., | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE**, Chief Judge:

    Plaintiff Michael Okpor, representing himself, has filed a complaint seeking relief from Defendants Sedgwick CMS, Public Storage, Tom Lydon, and Willis Insurance Services of California Inc., for claims relating to damage to Plaintiff's property while it was stored in a Public Storage facility. The Court finds as follows:

    1. The Court has reviewed Plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit. [Docket Item 2.] Because the Affidavit discloses that Plaintiff is indigent, the Court will permit the Complaint to be filed without prepayment of fees, pursuant to 28 U.S.C. § 1915.

    2. The Court is required by Section 1915 to review each complaint filed in forma pauperis and to dismiss the case if "the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who

is immune from such relief."[1]  28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

3. In determining the sufficiency of a pro se complaint, the Court must construe the complaint liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

4. In the Complaint, Plaintiff alleges breach of contract, fraud and civil rights violations under "federal and state law." [Compl. at 2.] Plaintiff asserts that on or around May 31, 2012, his storage space at Public Storage in Berlin, N.J., was flooded during a rainstorm. [Id. at 2-3.] Plaintiff claims that water "went through the roof vent" and through the "door space" and damaged all of his items in storage. [Id. at 3.] Plaintiff asserts he insured his property with Sedgwick CMS, in Lexington, Ky., but Sedgwick denied his claim under the policy on July 20,

---

[1] Defendants have already filed an Answer to the Complaint. [Docket Item 3.] The filing of the Answer was premature because the Complaint has yet to be filed by the Clerk of Court, pending this Opinion and Order reviewing Plaintiff's application to proceed in forma pauperis. Therefore, the Court will not consider Defendants' Answer in screening Plaintiff's Complaint.

2012, stating that Sedgwick had "been unable to confirm an issue with the building allowing water to enter the unit . . . ." [Id. at 3-4.] After speaking with a Sedgwick insurance adjuster, Plaintiff concluded that Public Storage manager Tom Lydon "lied to [the] insurance carrier" about water damage to Plaintiff's storage unit in order to induce Sedgwick to deny Plaintiff's claim. [Id. at 4-5.] Plaintiff claims he was "racially discriminated by defendants Tom Lydon and Miss Matale [the insurance adjuster] by calling him racial names, [and] as [a] result Plaintiff['s] civil right was violated . . . ." [Id. at 5.]

    5. Plaintiff asserts three claims. First, he claims "Defendants violated Plaintiff civil right by calling him racial names." [Id. at 6.] Plaintiff asserts that the "willful, malicious and intention[al]" name-calling "offended, humil[i]ated and tended to degrade Plaintiff . . . ." [Id. at 6-7.] Second, Plaintiff asserts a breach of contract claim "for not paying Plaintiff for his claim" to collect under the insurance policy. [Id. at 6.] Finally, Plaintiff claims that "Defendants defrauded Plaintiff by covering up water damage to Plaintiff propert[y]." [Id.] Plaintiff seeks $200,000 in damages. [Id. at 7.]

    6. From the facts pleaded in the Complaint, the Court does not discern allegations of conduct that could serve as the basis for a meritorious civil rights claim under federal law. Plaintiff

3

alleges that, after his claim was denied, Mr. Lydon and the insurance adjuster directed racial slurs at him, but Plaintiff does not allege that racial animus motivated the denial of his claim or that Defendants exhibited discriminatory conduct prior to the denial of his claim. <u>See</u> Compl. at 5 ("Plaintiff was racially discriminated by defendants Tom Lydon and Miss Matale by calling him racial names"); <u>id.</u> at 6 ("Defendants violated Plaintiff civil right by calling him racial names"); <u>id.</u> (stating that the discrimination "offended, humiliated and tended to degrade Plaintiff to their demand" but not stating that his claim was denied as a result of his discrimination). Therefore, Plaintiff has not stated a claim under 42 U.S.C. § 1981(a)-(b), which guarantees to "[a]ll persons . . . the same right in every State and Territory to make and enforce contracts," and which includes the right to "enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." Plaintiff has not alleged that his right to enjoy the terms and conditions of his contract were denied because of racial animus. Even accepting as true Plaintiff's allegation that Defendants directed racial slurs at him, because there is no allegation that Plaintiff's insurance contract claim was denied because of racial animus, the Court will dismiss Plaintiff's § 1981 claim without prejudice to his ability to amend, if he files a motion to amend with a proposed Amended Complaint curing the deficiencies noted

in this Opinion, within 30 days of the entry of this Opinion on the docket.

8. To the extent that Plaintiff brings a claim under 42 U.S.C. § 1983 for violations of his constitutional rights, that claim must be dismissed. To prevail on a § 1983 claim, the plaintiff must show he "was deprived of a constitutional right and . . . that the alleged deprivation was 'committed by a person acting under color of state law.'" Harvey v. Plains Twp. Police Dep't, 635 F.3d 606, 609 (3d Cir. 2011); see also West v. Atkins, 487 U.S. 42, 48 (1988). No state action has been alleged here, nor could it be, as the corporate Defendants are private companies and Mr. Lydon is a private citizen. No state action has been alleged. Therefore, to the extent Plaintiff brings claims under § 1983, the Court dismisses those claims with prejudice.

9. Because Plaintiff's federal claims have been dismissed, the Court will dismiss without prejudice Plaintiff's state-law claims for lack of jurisdiction. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction"). District courts have original jurisdiction of state-law civil actions where the matter in controversy exceeds $75,000 and no defendant is a citizen of the same state as the plaintiff. 28 U.S.C. § 1332(a). Although Plaintiff alleges total damages of $200,000, Plaintiff does not properly plead diversity jurisdiction, because he does

not indicate where each corporate Defendant is incorporated and where each corporate Defendant has its principal place of business. Nor does Plaintiff plead citizenship -- rather than residence -- of each individual party. However, judging by the addresses Plaintiff supplied, it appears that the parties lack complete diversity. It appears that Plaintiff and Mr. Lydon, at least, are both citizens of New Jersey, which would preclude the exercise of jurisdiction over the state-law claims under § 1332(a). See Grand Union Supermarkets of the Virgin Islands, Inc. v. H.E. Lockhart Mgmt., Inc., 316 F.3d 408 (3d Cir. 2003) (stating that § 1332 "requires complete diversity of the parties; that is, no plaintiff can be a citizen of the same state as any of the defendants"). Plaintiff's state-law claims will be dismissed without prejudice.

10. In conclusion, the Court grants Plaintiff's application to proceed in forma pauperis. Pursuant to 28 U.S.C. § 1915, the Court will dismiss with prejudice all claims brought under 42 U.S.C. § 1983 because this controversy does not include state action. The Court will dismiss without prejudice Plaintiff's claims under 42 U.S.C. § 1981 because there is no allegation that Plaintiff's insurance contract claim was denied due to racial animus. The Court also will dismiss without prejudice all state-law claims for lack of jurisdiction. Plaintiff may file a motion to amend the Complaint, along with a proposed Amended Complaint

that cures all of the deficiencies noted in this Opinion, no later than 30 days after the entry of this Opinion on the docket. An accompanying Order will be entered.


**March 18, 2013**                       **s/ Jerome B. Simandle**
Date                               JEROME B. SIMANDLE
                                        Chief U.S. District Judge